### IN THE UNITED STATE DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERICA D. FLORES and LESLEA M. LARSON )<br><br>       Plaintiffs        )<br><br>v.                                 )<br><br>JOAN STINSON-MYERS, AFFORD-A-CARE, INC., AND ARBOR HOMES, L.C.    )<br><br>       Defendants.      )<br>_____) | Case No: 11-CV-1355-KHV-JPO |

## AGREED PROTECTIVE ORDER

NOW, on this 24th day of January, 2012, the Court hereby enters a protective order pursuant to Fed. R. Civ. P. 26(c). This case presents a claim of employment discrimination and unpaid compensation which may lead to discovery of personnel files or records of defendants' current or former employees and/or patient information which are ordinarily deemed confidential. For good cause shown, the Court orders that any such documents produced or disclosed during this litigation shall be used only for purposes of this lawsuit.

The Court further orders:

1.     That access to said personnel files and patient information designated by the producing party as "confidential documents" with a stamp of "confidential" shall be limited to the parties, their counsel, clerical and staff persons employed by counsel, expert witnesses, and the Court.

2.     That their use shall be restricted to pretrial, trial, and appellate proceedings in this case.

3.     In the event any party to this action disagrees with the designation of any

information as confidential, the party challenging the propriety of a confidentiality designation must notify the other party of its challenge in writing within 30 days of receipt of the confidential materials.  Failure by either party to object to the confidentiality designation within the time prescribed will serve as a waiver of any subsequent objection.  Within 14 days after receipt of the objection, the party asserting confidentiality of the information will respond and state its position in writing.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved informally, the party seeking confidentiality of the information may apply for appropriate relief from this Court.  The Court shall be permitted to conduct an in camera inspection of the confidential materials.  The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment.

4. That such confidential documents may be filed under seal only upon separate, specific motion and later order of the Court; notwithstanding this agreement, (1) documents concerning hours worked, compensation, and any payroll practices, customs, and/or polices, pertaining to, or applicable to, any named plaintiff or any opt-in plaintiff may be filed publicly (provided that any SSN's, bank account information, cell phone numbers, and similar information are redacted); (2) documents that contain PHI may be filed on public record provided that all personally-identifiable PHI can be redacted; (3) documents which the Court rules may not be filed under seal, need not be filed under seal; (4) the parties may agree to forgo filing specific documents under seal as the case progresses, with or without redactions as agreed upon by the parties.

5. That any entities, including health care providers, are authorized (but not required) to produce information about Afford-A-Care, Inc. and Arbor Homes, LLC's policies, practices, and procedures pertaining to scheduling and payroll, even if that includes protected health information.  This order is specifically authorized by 45 CF.R. § 164.512(e)(1)(i) and (ii).

6. That within thirty (30) days after the conclusion of this litigation, all copies of the confidential documents produced under this Protective Order shall either be destroyed or returned to producing counsel.

7. The court's jurisdiction to enforce this order terminates upon final disposition of the case.  The parties may seek leave to reopen the case to enforce provisions of this order.

IT IS SO ORDERED.

  s/ James P. O'Hara
JAMES P. O'HARA
UNITED STATES MAGISTRATE JUDGE

APPROVED:

WITHERS, GOUGH, PIKE, PFAFF & PETERSON, LLC

  s/ Sean M. McGivern
Donald N. Peterson II, #13805 (dpeterson@withersgough.com)
Sean M. McGivern, #22932 (smcgivern@withersgough.com)
Nathan R. Elliott, #24567 (nelliott@withersgough.com)
200 W. Douglas, Suite #1010
Wichita, Kansas  67202
Phone: 316-267-1562
*Attorneys for Plaintiffs*


LAW OFFICE OF SEAN M. DWYER

  s/ Sean M. Dwyer
Sean M. Dwyer, #14997 (seanmdwyer@cox.net)
111 S. Whitter
Wichita, KS  67207
Phone: 316-689-4268
*Attorney for Defendants*